Chen v. Garland

BIA
Zagzoug, IJ
A206 729 014

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of January, two thousand twenty-two.

PRESENT:
> PIERRE N. LEVAL,
> GERARD E. LYNCH,
> SUSAN L. CARNEY,
> > *Circuit Judges.*

———————————————————————

BIN CHEN,
> *Petitioner,*

v.

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

19-2521
NAC

———————————————————————

FOR PETITIONER:        Norman Kwai Wing Wong, Law
                       Offices of Norman Kwai Wing Wong,
                       New York, NY.

FOR RESPONDENT:        Joseph H. Hunt, Assistant Attorney
                       General; Claire L. Workman, Senior

Litigation Counsel; Juria L. Jones, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Bin Chen, a native and citizen of the People's Republic of China, seeks review of a 2019 decision of the BIA affirming a 2018 decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Bin Chen*, No. A 206 729 014 (B.I.A. July 31, 2019), *aff'g* No. A 206 729 014 (Immig. Ct. N.Y. City Feb. 1, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We review the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018) (reviewing adverse credibility determination for substantial evidence).

2

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on" inconsistencies within and between an applicant's statements and other evidence "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. On review, we conclude that substantial evidence supports the agency's adverse credibility determination.

Chen alleged that his parents were arrested in 2005 for attending an underground church, and that they continued attending church without incident until February 2013, when they fled during a police raid on the church. He further alleged that, a week later, the police harassed and beat Chen because he would not reveal his parents' whereabouts. In making its adverse credibility finding, the agency reasonably

3

relied on an omission from Chen's application, inconsistencies between his application and testimony, and inconsistencies within his testimony. *See* 8 U.S.C. § 1158(b)(1)(B)(iii).

To start, Chen testified that on September 8, 2013, shortly after he had returned to live at his parents' home, the police came to the home, took his Bible, and smashed the furniture. He further testified that, following the September 8 incident, the police visited "[a]bout once a week" between then and when he left China on April 19, 2014, looking for information about his parents. Certified Administrative Record ("CAR") at 176. But his application omitted mention of any such weekly visits; instead, the only police visit to his parents' home that he identified was the September 8 incident.

We find no error in the agency's reliance on this omission because, although omissions may be less probative than inconsistencies, the extent of Chen's interactions with police was an extremely significant aspect of his claim. The agency appropriately highlighted the discrepancy between the statement in his application, where he identified one

4

specific visit to his parents' home, and his testimony, in which he said that they occurred weekly over a period of more than seven months. *See Hong Fei Gao*, 891 F.3d at 78-79 (holding that "[i]n general omissions are less probative . . . than inconsistencies," and that in assessing probative value, "an IJ should consider whether those facts are ones that a credible petitioner would reasonably have been expected to disclose under the circumstances" (internal quotation marks omitted)). Chen did not offer any meaningful explanation for his failure to mention the weekly visits in his affidavit. This was more in the nature of a serious inconsistency as to an important aspect of his claim than a mere omission of a detail.

The agency also reasonably relied on three other inconsistencies within or among Chen's statements. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Chen testified that his parents were leaders in their underground church, but when asked about their role, he responded that they were "just Christians" and "[t]here's no such thing as co-leader." CAR at 216. He also described his work history inconsistently. When testifying, he stated that beginning in 2012 he had held two different

5

jobs in shops, and that he had not been employed before then. In contrast, in his application he asserted that he had "various" jobs from 2010 to 2013. Also, Chen stated at one point during his testimony that he had never thought about coming to the United States before the incidents in 2013, but, when questioned by government counsel, he confirmed that he had in fact sought and been denied visas to the United States in 2011 and 2012. The IJ was not required to credit Chen's explanation that he thought counsel for the government was asking when he started thinking about coming to the United States for religious reasons rather than more generally; the question was an open-ended one.[1]

The agency also reasonably relied on the absence of reliable corroboration for Chen's account of the facts supporting his application. "An applicant's failure to corroborate his or her testimony may bear on credibility,

---

[1] In sustaining the agency's credibility assessment, we do not rely on its adverse inference based on the omission from Chen's direct testimony of details regarding a police visit to his employer. He mentioned the incident in his application and direct testimony, and the omission from those statements of details drawn out on cross examination is not probative here of credibility. *See Hong Fei Gao*, 891 F.3d at 77–79. The agency's error in this regard does not require remand, however, given its other sound findings. *See Lianping Li v. Lynch*, 839 F.3d 144, 149 (2d Cir. 2016).

because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The agency could have credited, but was not required to credit, letters from Chen's father and an underground church member because his father was an interested witness and neither author was available for cross examination. *See Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013) (holding that "[w]e generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence" and upholding the agency's decision to afford very little weight to letter from applicant's spouse in China); *Matter of H-L-H & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (giving diminished evidentiary weight to letters from "relatives and friends," because they were from interested witnesses not subject to cross examination), *rev'd on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012).

In sum, given the omission, inconsistencies, and lack of reliable corroboration, substantial evidence supports the agency's adverse credibility determination. *See* 8 U.S.C.

§ 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. This determination is dispositive of Chen's claims for asylum, withholding of removal, and CAT relief because his claims for all three forms of relief rest on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

8